FILED

APR 0 2 2014

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD STEWART and LYDIA STEWART, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN HOMESTEAD MORTGAGE, LLC; FLAGSTAR BANK, FSB; SELENE FINANCE, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, and FIRST AMERICAN TITLE OF MONTANA, INC., and all other parties known or unknown thereof <br><br> Defendants. | CV 14–45–M–DWM <br><br> ORDER |

The Stewarts, proceeding pro se, allege the defendants are attempting to wrongfully foreclose on the Stewarts' property at 119 Rimrock Court in Kalispell, Montana. The Stewarts apply for a second time for a preliminary injunction and request a hearing. (Doc. 9.) They have also moved for a permanent injunction barring the sale of their home. (Doc. 10.) The defendants have not filed any opposition with the Court thus far. Having considered the pleadings and arguments offered by the Stewarts, their requests are denied.

1

The Ninth Circuit has set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* Serious questions on the merits are apparent only when a plaintiff shows a "substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). The standard for issuing a permanent injunction is substantially the same as that

2

applied to a request for preliminary injunctive relief. After considering the foregoing analyses in the present case, the Stewarts' requests are denied.

This Court has previously addressed the Stewarts' likelihood of success based on the arguments presented in their Complaint, determining that preliminary injunctive relief was not warranted. (Doc. 8 (denying the Stewarts' first motion for a preliminary injunction and request for a temporary restraining order).) In their filings on the current motions, the Stewarts reassert their position that the defendants do not have the legal rights to sell the property. As previously discussed, to the extent the Stewarts are arguing that the defendants do not have the power to foreclose their property because the mortgage has been transferred, that argument will likely fail: "The fact that transfers of a promissory note and an associated deed of trust result in different entities holding those interests does not cloud title to the property and does not provide a basis on which to quiet title in the mortgagor." *Heffner v. Bank of Am.*, 2012 WL 1636815, *4 (D. Mont. May 8, 2012) (collecting cases). As to the Stewarts' proof of claim argument, they fail to show why the defendants are required to provide the Stewarts with a "proof of claim." A "proof of claim," as the term is commonly used, is a "written statement setting forth a creditor's claim" that must sometimes be filed in bankruptcy proceedings. *See e.g.* 11 U.S.C. § 501; Fed. R. Bankr. P. 3001-3002. The

Stewarts cite no authority requiring the defendants to file a proof of claim in the foreclosure context.

The Stewarts further contend they are likely to succeed on the merits on the grounds that they are entitled to default judgment because the defendants have failed to file an answer. However, the Stewarts have not requested entry of a default judgment, Fed. R. Civ. P. 55(b), or provided proof of service to the Court, Fed. R. Civ. P. 4(l). The possibility of default judgment is insufficient to grant their request for a permanent injunction.

Ultimately, the Stewarts' fail to meet the burden for imposing injunctive relief. Even if the Court were to find the Stewarts' claims for were likely to succeed on the merits, the Stewarts have failed to present any argument or evidence to support the proposition that an injunction would be in the interest of the public or that the balance of equities are tipped in their favor other than to contend that if the defendants successfully defended this suit they would still be able to foreclose. Moreover, the Stewarts have failed to identify when the trustee sale is scheduled to occur.

Accordingly, IT IS ORDERED that the Stewarts' motion for a preliminary injunction and hearing (Doc. 9) is DENIED.

IT IS FURTHER ORDERED that the Stewarts' application for a permanent

injunction (Doc. 10) is DENIED.

Dated this 2nd day of April, 2014.

/s/ Donald W. Molloy  10:47 am
Donald W. Molloy, District Judge
United States District Court