IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD STEWART and LYDIA STEWART, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN HOMESTEAD MORTGAGE, LLC; FLAGSTAR BANK, FSB; SELENE FINANCE, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and FIRST AMERICAN TITLE OF MONTANA, INC., and all other parties known or unknown thereof, <br><br> Defendants. | CV 14-45-M-DWM-JCL <br><br> ORDER |

Before the Court is Defendant Selene Finance, LP's motion requesting the Court vacate the scheduling order entered in this action on June 4, 2014. Selene represents that as of August 29, 2014, its attorney, Mark C. Sherer, is no longer employed with the Mackoff Kellogg Law Firm. Selene states it and the Mackoff Kelloff Law Firm are working to engage substitute counsel, but that "certain deadlines have passed" and it needs additional time to develop its case.

The Federal Rules of Civil Procedure permit a Rule 16 scheduling order to be modified "only for good cause[.]" Fed. R. Civ. P. 16(b)(4). This good cause

1

standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Thus, a scheduling order can be modified if the party requesting the modification establishes it cannot reasonably meet, or could not have reasonably met deadlines imposed in the schedule despite the party's diligence. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Selene suggests in its brief that it is seeking to secure new counsel different from the Mackoff Kellogg Law Firm. But Selene has provided no explanation as to why it did not immediately secure counsel upon the termination of Mr. Sherer's employment with the Mackoff Kellogg Law Firm. Nor does Selene explain why the Mackoff Kellogg Law Firm, as its attorney, has been unable to continue its representation of Selene and ensure compliance with the scheduling order.

Under the circumstances, the Court will not vacate the scheduling order and trial date. Rather, it will modify the internal deadlines to afford Selene the opportunity to secure new counsel.

Based on the foregoing, Selene's motion to vacate the schedule in this matter is GRANTED in part, and DENIED in part, and the June 4, 2014 scheduling order is amended as follows:

| | |
|---|---|
| Deadline for Selene to appear in this action through new counsel: | November 7, 2014 |
| Disclosure of all parties' Liability Experts and Damages Experts: | November 30, 2014 |
| Discovery Deadline: | January 30, 2015 |
| Motions Deadline (including motions in limine) (fully briefed): | February 27, 2015 |

All other provisions of the June 4, 2014 scheduling order shall remain in effect.

DATED this 21st day of October, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge