FILED
MAR 0 3 2015
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD and LYDIA STEWART, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN HOMESTEAD MORTGAGE, LLC; FLAGSTAR BANK, FSB; SELENE FINANCE, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and FIRST AMERICAN TITLE OF MONTANA, INC., and all other parties known or unknown thereof, <br><br> Defendants. | CV 14–45–M–DWM–JCL <br><br> ORDER |

On December 29, 2014, Judge Lynch issued an order giving Plaintiffs Ronald and Lydia Stewart (the "Plaintiffs") until January 8, 2015, within which to show cause why this action should not be dismissed as against Defendants American Homestead Mortgage, LLC, Flagstar Bank, FSB, and First American Title of Montana, Inc. (collectively "Unserved Defendants") for failure to effect service upon them in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 33.) On February 3, 2015, Judge Lynch entered findings noting Plaintiffs had yet to make any further filing in the case and recommended the

1

Unserved Defendants be dismissed without prejudice for failure to effect service. (Doc. 34.) Plaintiffs did not file any objections to the Findings and Recommendation; it is reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Pursuant to Rule 4(m) "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that services be made within a specified time." Plaintiffs filed their Complaint on February 28, 2014. (Doc. 1.) The Unserved Defendants have not been served to date. Plaintiffs were giving notice of their failure to effect service pursuant to Rule 4(m). Plaintiffs have presented no evidence, and none is present in the record, that there is a good faith reason for the delay. Although Plaintiffs are proceeding pro se, pro se litigants are "bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Further, Plaintiffs have had over a year to effect service in this case or request an extension of the deadline for service if one was necessary. Therefore, it is appropriate to dismiss the Unserved Defendants without prejudice instead of providing further time for service.

Additionally, in his order of December 29, 2014, Judge Lynch dismissed Defendants Selene Finance, LP and Mortgage Electronic Registration Systems, Inc., pursuant to Rule 41(a)(1). (Doc. 33.) With the dismissal of the Unserved Defendants, no defendants remain in this action.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 34) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that the Unserved Defendants are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a judgment of dismissal and close this case.

Dated this 3rd day of March, 2015.

Donald W. Molloy, District Judge
United States District Court